**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ROBERT LEE T.,**

                                        **Plaintiff,**

        v.                                                                **5:25-CV-44**
                                                                          **(FJS/PJE)**

**COMMISSIONER OF SOCIAL SECURITY,**

                                        **Defendant.**

---

**APPEARANCES**                                    **OF COUNSEL**

**HILLER COMERFORD INJURY**              **IDA COMERFORD, ESQ.**
**& DISABILITY LAW**
6000 North Bailey Avenue – Suite 1a
Amherst, New York 14226
Attorneys for Plaintiff

**JUSTIN GOLDSTEIN LAW, PLLC**           **JUSTIN M. GOLDSTEIN, ESQ.**
38 Pond Valley Circle
Penfield, New York 14526
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**       **KRISTINA D. COHN, ESQ.**
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Pending before the Court is Magistrate Judge Dancks' Report and Recommendation, *see*

Dkt. No. 13, and Plaintiff's objections thereto, *see* Dkt. No. 14.

## II. BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) seeking judicial review of Defendant's final decision denying his application for Social Security Disability benefits and Supplemental Security Income benefits. This Court referred the matter to Magistrate Judge Dancks for a Report and Recommendation.

Both parties filed briefs, *see* Dkt. Nos. 10, 11, 12. After a thorough review of the parties' arguments, the Administrative Record ("AR"), and the ALJ's decision denying Plaintiff's application, Magistrate Judge Dancks issued a Report and Recommendation in which she recommended that the Court deny Plaintiff's motion for judgment on the pleadings, grant Defendant's motion or judgment on the pleadings, and affirm the Commissioner's decision. *See generally* Dkt. No. 13. Plaintiff timely filed objections to those recommendations, *see* Dkt. No. 14.

## III. DISCUSSION

### A.    Initial arguments before Magistrate Judge Dancks

In his initial brief, Plaintiff contended that "'[t]he [ALJ's] RFC [determination] was not based on substantial evidence, as the ALJ cherry-picked the opinion and relied on stale opinion evidence and her own lay opinion.'" *See* Dkt. No. 13 at 7 (quoting Dkt. No. 10 [Plaintiff's Brief] at 15; *see also id.* at 15-26).

To the contrary, Defendant argued that, "in determining Plaintiff's RFC, the ALJ properly considered the medical opinions of record, including the opinions of the State agency medical consultants and the opinion of Plaintiff's treating physician, Dr. Robert Feldman . . . [and that]

the ALJ's step fiving finding is supported by substantial evidence." *See id.* (citing Dkt. No. 11 [Defendant's Brief] at 7-18).

**B.      Plaintiff's objections to Magistrate Judge Dancks' Report and Recommendation**

In his objections to Magistrate Judge Dancks' Report and Recommendation, Plaintiff states that he objects to "Magistrate Judge Dancks[' finding that] there was no harmful error pertaining to Plaintiff's argument that the RFC was not based on substantial evidence due to cherry picking, lay opinion and reliance on stale opinion evidence," *i.e.*, the same argument that he raised in his initial brief. *See* Dkt. No. 14, Plaintiff's Objections, at 1 (citing Dkt. No. 10 at 15-26). Specifically, Plaintiff argues that Magistrate Judge Dancks' "determination pertaining to allegations the ALJ relied on stale opinion evidence is not free of legal error." *See id.* Basically, Plaintiff raises the same arguments that he raised in his initial brief; *i.e.,* that the ALJ relied on stale opinion evidence as a factor in her determination of Plaintiff's RFC.

**C.      Standard of review**

The Court reviews *de novo* those portions of a magistrate judge's report and recommendations that have been properly preserved with a specific objection. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Id.* (quoting N.D.N.Y. Local Rule 72.1(c)) (footnote omitted). If the parties do not file any specific objections, this Court reviews a magistrate judge's report-recommendation for clear error. *See id.* at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee

Notes: 1983 Addition).  Likewise, if an objection simply rehashes "the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review."  *Id.* at 228-29 & n.6 (collecting cases).  "'When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, *1 n.1 (N.D.N.Y. Nov. 14, 2017) (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, *1 (S.D.N.Y. July 31, 1995))).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### E.    Analysis

After comparing Plaintiff's arguments in his initial brief and in his objections, it is clear that Plaintiff raised the same arguments, in particular with regard to the issue of "stale" evidence, in both of his submissions.  *Compare* Dkt. No. 10 with Dkt. No. 14.  Thus, the Court need only satisfy itself that there is no clear error on the face of the record.

In her Report and Recommendation, Magistrate Judge Dancks addressed Plaintiff's argument that the ALJ's reliance on the state agency medical consultants Dr. Vazquez Gonzalez's and Dr. J. Koenig's opinions was improper because those opinions were stale.  *See* Dkt. No. 13 at 8-11.  After applying the appropriate legal standards to determine whether medical opinions are stale, Magistrate Judge Dancks concluded that Plaintiff had "not carried his burden to show his

condition deteriorated after the challenged medical opinions were issued." *See id.* at 9.  In fact, Magistrate Judge Dancks explained that "[m]edical records generated after the reviews by the State agency consultants do not reflect that Plaintiff's conditions deteriorated.  To the contrary, they actually show some improvement." *See id.*  Specifically, she pointed to Plaintiff's February 5, 2019 visit with orthopedic specialists, at which "he acknowledged the pain in his left knee was largely gone with ambulation, and he had no difficulty ambulating." *See id.* (citing T. 850).  She also noted that Plaintiff's "physical examination [at that visit] showed him to have 'full extension flexion' to 135 degrees, no instability, and minor retropatellar crepitation." *See id.* (citing [T. 850]).  She noted that "[t]he doctor concluded '[a]dequate progress after partial knee replacement,' and Plaintiff should 'continue with home-based exercise program . . . .'" *See id.* (quoting [T. 850]).

Moreover, Magistrate Judge Dancks noted that, at an April 4, 2019 appointment, "the doctor noted Plaintiff was doing nicely and was not having much ambulatory discomfort." *See id.* (citing T. 1070).  At that time, "Plaintiff's main complaint was having some numbness in the lateral aspect of his incision, but upon examination he had full extension to 140 degrees, no instability, and a smooth gait." *See id.* (citing [T. 1070]).  For the remainder of 2019, Plaintiff reported to doctors that he was doing well; and, at Plaintiff's October 29, 2019 appointment, "[t]he doctor noted Plaintiff's right knee had improved by 70 percent since surgery." *See id.* at 9-10 (citing [T. 1048]).

Magistrate Judge Dancks also reviewed the record for the years after 2019.  She noted that, "[s]tarting in 2020, Plaintiff reported having worsening lower back pain with associated muscle spasms. *See id.* at 10 (citing T. 1015, 1024).  She noted that, "[a]t each of the appointments where he reported lower back pain, the examination showed Plaintiff used no

assistive device, had 5/5 motor strength in his lower extremities, he had no sensory deficits, and his straight-leg raise testing was negative bilaterally." *See id.* (citing T. 1018, 1027, 1775). In February 2024, "Plaintiff reported he was doing great following his January 2024 right knee meniscectomy surgery and most of his right knee pain was gone aside from a little aching at the end of the day." *See id.* (citing T. 2063). Furthermore, "Plaintiff reported he felt 95 percent better and only occasionally needed a little Motrin." *See id.* (citing T. 2064, 2100-01).

Magistrate Judge Dancks noted that "the ALJ found that this later medical evidence made the opinions of Dr. Gonzalez and Dr. Koenig that Plaintiff could perform a range of light exertional work only partially persuasive, and thus the ALJ further limited Plaintiff to sedentary work." *See id.* (citing T. 1169, 1177-78). Magistrate Judge Dancks also explained that, "[a]s highlighted by the ALJ, Plaintiff engaged in substantial gainful activity from July 1, 2021, through the date of the decision which clearly undermines Plaintiff's claim of significant deterioration." *See id.* (citing T. 1161; 20 C.F.R. §§ 404.1571, 416.971 (employment during any period of claimed disability may be probative of a claimant's ability to work)).

Finally, Magistrate Judge Dancks addressed Plaintiff's argument that "'the ALJ d[id]n't address, cite or discuss any evidence after Plaintiff's first hearing and decision." *See id.* (quoting Dkt. No. 10 at 20). Magistrate Judge Dancks concluded that argument was not accurate because, although Plaintiff's first hearing was June 4, 2020, and the prior ALJ rendered her decision on August 20, 2020, "the ALJ explicitly cited Plaintiff's treatment notes from July 9, 2020, March 3, 2021, March 17, 2021, [and] April 20, 2021." *See id.* (citing T. 1173-74). Additionally, she noted that "Plaintiff returned to work in July 2021, which would arguably find him not disabled at step one, therefore obviating the need to discuss any medical evidence after July 2021 in detail." *See id.* at 11 (citing T. 1161-63; 20 C.F.R. §§ 404.1520(b), 416.920(b) ("If you are

working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition.")).  For all these reasons, Magistrate Judge Dancks found that Plaintiff had failed "to carry his burden of showing a sufficient deterioration in his condition which would render the opinions of the State agency consultants stale [and, therefore,] the ALJ properly relied on those opinions."  *See id.*

Furthermore, in response to Plaintiff's argument that the ALJ relied on her own lay opinion in arriving at her assessed RFC, Magistrate Judge Dancks disagreed, finding that the ALJ's determination was supported by substantial evidence.  *See id.* at 13.  Magistrate Judge Dancks noted that, although "[t]he ALJ found Dr. Gonzalez's and Dr. Koeing's opinions to have some persuasive value[,] . . . she was not persuaded by their opinions that Plaintiff 'could lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for a total of six hours in an[] eight-hour workday, occasionally balance, climb ladders/ropes/scaffolds, kneel, and crawl, and could tolerate exposure to hazards such as machinery and heights on an unlimited basis.'"  *See id.* at 14 (quoting T. 1177 (citing T. 88-100, 112-125)).  Magistrate Judge Dancks explained that "[t]he ALJ was not persuaded by all of these functional limitations because the State agency reviewers did not perform physical examinations of Plaintiff."  *See id.* (citing [T. 1177]).  Specifically, "[t]he ALJ noted in contrast to their opinions 'the evidence of record through June 30, 2021 shows the claimant to have some difficulty ambulating, which supports restricting him to sedentary exertional work, and placing some additional postural and environmental limitations on his physical ability to perform work-related activities.'"  *See id.* (quoting T. 1177-78).

Likewise, Magistrate Judge Dancks noted that the ALJ found the opinion of Dr. Ganesh, who completed an internal medicine examination of Plaintiff on January 3, 2019, to have some

persuasive value.  *See id.* (citing T. 1178).  However, the ALJ "declined to adopt the determination of Dr. Ganesh that Plaintiff had 'severe limitations for standing, walking, and climbing, and that his use for a walker was necessary' because at the time of Dr. Ganesh's examination, Plaintiff was "'still in the healing period following his recent partial left knee replacement surgery on December 17, 2018.'"  *See id.* at 14-15 (quoting T. 1178 (citing T. 841)).  Magistrate Judge Dancks also noted that "[t]he ALJ also declined Dr. Ganesh's opinion of Plaintiff needing a walker because Dr. Feldman opined on February 5, 2019, and June 2, 2020, that Plaintiff 'did not require the use of a cane or other assistive device.'"  *See id.* at 15 (quoting T. 1178 (citing T. 876, 1075)).

The ALJ also declined to adopt orthopedic specialist Dr. Brett Greenky's February 5, 2019, April 4, 2019, August 6, 2019, and October 29, 2019, work related assessments because, "[a]lthough she found them to have some persuasive value, they were based on the Workers' Compensation Board standards which are not binding under the rules of Social Security."  *See id.* (citing T. 1179 (citing 20 C.F.R. §§ 404.1504, 416.904)).

Based on these examples, Magistrate Judge Dancks found that "the ALJ did more than merely state that a medical source opinion was not consistent with the overall medical record and thoroughly explained how she arrived at the persuasive value of each opinion"  *See id.* (citation omitted).  She also concluded that "[t]he ALJ provided ample explanation for the persuasive values she assigned to the various medical opinions and formulated an RFC consistent with the entirety of the medical record."  *See id.* (citing T. 1177-81).

Finally, with regard to the ALJ's finding regarding Dr. Feldman's opinion, Magistrate Judge Dancks concluded that the ALJ properly evaluated the persuasiveness of Dr. Feldman's opinion and found that Plaintiff's argument that the ALJ had offered little connection to evidence

to support her determination regarding Dr. Feldman's opinion without merit. *See* Dkt. No. 13 at 15. Moreover, Magistrate Judge Dancks' concluded that the ALJ's finding that Dr. Feldman's opinion was less persuasive because it was not supported by his own treatment records was supported by the record. *See id.* at 16.

Furthermore, regarding the issue of consistency, Magistrate Judge Dancks noted that "the ALJ compared Dr. Feldman's limitations with those of Drs. Gonzalez, Koenig, Ganesh, and Greenky, 'none of whom found the claimant to have any limitation in his ability to move his head, neck, hand, fingers, or arms.'" *See id.* at 17 (quoting T. 1181). With regard to Plaintiff's argument that the ALJ should have adopted Dr. Feldman's opinion regarding absenteeism and time off task, Magistrate Judge Dancks noted that the ALJ had "noted this limitation was . . . inconsistent with other medical evidence because no other medical source placed any limitation on Plaintiff's need to take unscheduled breaks." *See id.* (citing T. 1181). Finally, Magistrate Judge Dancks noted that "Dr. Feldman's own findings showed Plaintiff has normal attention and concentration. . . . [and] [t]he ALJ also noted Dr. Feldman's opinion of Plaintiff's absenteeism was inconsistent with the intact musculoskeletal and neurological findings on exam, and with evidence that Plaintiff had been working on a continuous basis since July 2021." *See id.* (citing T. 1181). For all these reasons, Magistrate Judge Dancks found no error in the ALJ's evaluation of Dr. Feldman's opinion. *See id.*

Having reviewed Magistrate Judge Dancks' analysis of the entire record and her explanation and resolution of Plaintiff's arguments, the Court is satisfied that there is no clear error on the face of the record. Therefore, the Court accepts Magistrate Judge Dancks' recommendations.

## IV. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report and Recommendation, *see* Dkt. No. 13, is **ADOPTED AND ACCEPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 10, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 11, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated:  March 30, 2026
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge